BONIFACIO TROCHE, ETC., Plaintiff and Appellant, *v.* José MATOS Y MATOS, Defendant and Appellee.

No. 7284. Argued November 3, 1937.—Decided November 15, 1937.

*Carlos D. Vázquez* for appellant. *H. Torres Solá* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

José Matos Matos owned a police dog which he allowed to roam loose on his premises. A six-foot wire fence surrounded the property so as to make it impossible for the animal to escape. The trial court found that Bonifacio Troche, the plaintiff, was passing by the property when he spied some *mangos* on the ground just inside the fence; that he introduced a stick through the wires and manipulated it so as to roll some of the fruit near the edge; that he then put his arm inside the fence and was bitten by the dog.

The only real question on appeal is whether, assuming the above facts to be true, and they are not seriously challenged, any liability attached to the defendant as owner of the dog. The lower court absolved him of all liability on the ground that the case constituted an exception to Section 1805 of our Civil Code (1930 ed.), which provides:

"The possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even when said animal should escape from him or stray.

"This liability shall cease only in case the damage should arise from *force majeure* or from the fault of the person who may have suffered it."

The phrase "from the fault of the person who may have suffered it" is the important matter for us to consider.

 We disagree with the appellant in his contention that because boys were in the habit of doing what the plaintiff here did, it should be concluded that there was a tacit invitation from the defendant. The latter, after fencing his land and keeping it protected from trespassers, did not have to do anything else to ward off children. The argument, if anything, supports the idea that the dog was not vicious, as it was not shown to have bitten anyone under the same circumstances.

The liability arising from the keeping of an animal is, under the civil law, quite a serious one. It is apparently not based on negligence, but on the mere possession or use. The appellant has cited an opinion of the Supreme Court of Spain (opinion of October 19, 1909, reported in 116 Jurisprudencia Civil, 120) and several paragraphs from Manresa and Martínez Ruiz, the well-known commentators on the Spanish Civil Code. The citations support the principle that the negligence of the owner is immaterial and we do not differ. The appellant, however, has failed to give us any real authority with regard to the interpretation of the phrase ''fault of the person who may have suffered it.'' He quotes a paragraph from Laurent on the French Civil Code, which says:

''The liability of the owner ceases when the harmful action was provided by the fault of the injured party; for example if he has excited or provoked the animal. The owner must prove the fault.

''The victim may be guilty of fault and yet the owner held liable if he can not prove that the accident happened exclusively through the fault of the victim.'' (Vol. 20, p. 800, par. 630.)

The above citation is a clear example of a case where the owner of the dog would be relieved of liability, but is not exclusive of all the other situations under which this result would likewise follow.

The American jurisprudence set out by the plaintiff is not clearly applicable. In most if not all of the cases, there was a statute making liability for possession or ownership of a ferocious animal or dog practically absolute even as

against trespassers. Our statute calls for a different construction.

The word "fault" (*culpa*) in Section 1802 of the Civil Code, 1930 ed., has been interpreted heretofore by this court. The same interpretation, we think, should be given to the word when it appears in the Section under discussion. Section 1802 defines the general source of the tort action in Puerto Rico.

In the case of *Busó et al.* v. *Martínez,* P.R.R. 991, the word "*culpa*" was used synonymously with the word "tort". In several other cases, acts, which might well be classified under the term "malicious" or "fraudulent" or "illegal", were referred to as falling within the meaning of the word "*culpa*", thus giving rise to an action under Section 1802.

We are convinced that the act of the boy in this case, in putting his arm unlawfully within the premises of the defendant for the unlawful purpose of appropriating certain fruit, was the direct cause of his injury and that this injury may be characterized as having resulted from his fault (*culpa*). In Puerto Rico, the liability of an owner for injuries caused to a third person by his dog is not unlimited. The commentaries to the Spanish Civil Code, supra, must be interpreted in the light of the particular situation involved, with due regard not only to the rights of the injured but to those of the possessor of the animal. We cannot find it expedient or advisable to protect a trespasser where it appears that the owner of the dog kept him within his premises in such a manner that it would have been impossible for the animal to hurt or injure anyone who did not violate the privacy of the close of the defendant.

The facts present a situation where any doubt as to the interpretation of the word fault (*culpa*) should be decided in favor of the defendant.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.